**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SCOTT DILLON** | **CIVIL ACTION** |
| **v.** | **NO: 25-2136** |
| **THE DOW CHEMICAL COMPANY, ET AL.** | **SECTION: C (1)** |

## ORDER AND REASONS

Defendant Union Carbide Corporation's Motion for Judgment on the Pleadings (R. Doc. 30) and Defendant The Dow Chemical Company's Motion for Judgment on the Pleadings (R. Doc. 32), each filed on January 9, 2026, are before the court.[1]

## I. BACKGROUND

Dillon alleges he suffered severe and debilitating injuries from a rail car chemical leak on April 25, 2025. He claims the negligence of defendants caused his injuries.[2]

---

[1] These motions are unopposed. Plaintiff requested extended time to respond to the motions, which the court denied. R. Doc. 44. This does not mean the court can simply grant the motion as unopposed. *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (holding that district courts may not summarily grant motions under Fed. R. Civ. P. 12 solely due to a lack of opposition); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] Four of the five original defendants remain parties in this case. On May 7, 2026, plaintiff's request to dismiss defendant, Marmon Railroad Services, LLC, was granted. R. Doc. 46. The remaining defendants are The Dow Chemical Company, Union Carbide Corporation, which move herein, Union Tank Car Company, and UTLX Manufacturing, L.L.C.

Dillon worked as a tank hauler for PSC Group, L.L.C. at a facility in Hahnville, Louisiana.[3] While attempting to unload acrylic acid from a rail car, a valve exploded releasing the acid, which contacted his face and legs.[4] As a result of this contact, Dillon suffered significant injuries.[5]

Dillon argues either Union Carbide Corporation, The Dow Chemical Company, or both, owned and operated the chemical plant and unloading rack, and either UTLX Manufacturing, L.L.C., Union Tank Car Company, or both, owned the rail car.[6] Dillon acknowledges he was in the course and scope of his employment with PSC when the incident occurred and that "[a]ny and all claims against his employer fall under the workers' compensation regime."[7] He asserts, however, that he has viable third-party claims against Dow and Union Carbide, among others, who negligently serviced, maintained, inspected or operated the rail car and its relevant components.[8] Dillon claims a non-exhaustive list of acts and omissions demonstrate defendants' negligence leading to the April 25, 2025 events, and argues defendants are liable under respondent superior for the actions of their agents.[9]

---

[3] R. Doc. 1 at 2.
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 3–4.
[9] *Id.* at 4–6.

DOW and Union Carbide argue Dillon's claims are barred by the Louisiana Workers' Compensation Act.[10] They contend each is the statutory employer of Dillon, shielding both from tort liability except for intentional acts.[11] Because Dillon does not allege an intentional act, the exclusive remedy of workers compensation applies.[12] In support, DOW and Union Carbide cite attachments to their answer (R. Docs. 11-1, 11-2) as evidence of their status as statutory employer.[13]

## II. ANALYSIS

### A. Rule 12(c) Review Standard

"Federal Rule of Civil Procedure 12(c) permits any party to move for a judgment on the pleadings, provided the motion is made early enough to avoid delaying trial." *NAZ, LLC v. Philips Healthcare, a Division of Philips Electronics North America Corp.*, No. CV 17-2882, 2018 WL 1202570, at *5 (E.D. La. Mar. 8, 2018) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "A court may grant a Rule 12(c) motion only if the pleadings evince no disputes of genuine material fact and questions of law alone remain." *Id.* (citing *id.*). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings

[10] The legal arguments made by Union Carbide and DOW are identical.
[11] R. Doc. 30-2 at 2–3.
[12] *Id.* at 5.
[13] *Id.* at 6–7.

and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

**B. Attachments Supplied by DOW and Union Carbide**

DOW and Union Carbide attach to their motions excerpts from the "Agreement For Services" between PSC and DOW dated November 22, 2021. They also attach a "Hold Harmless-Responsibility-Insurance Contract", entered between PSC and DOW dated October 28, 2021. No one has disputed that the parties were operating pursuant to the service agreement at the time of the April 25, 2025 incident. Dillon does not attach or incorporate by reference either the services agreement or the hold harmless agreement in his complaint. *Compare Craft v. Max Access LLC*, No. 6:22-cv-5899, 2023 WL 5029056, at *4 (W.D. La. Aug. 7, 2023) (allowing for the consideration of a master services agreement due to the complaint's direct referral to the agreement) *with Rampart Allstars, LLC v. Sonder USA Inc.*, No. 24-cv-1767, 2024 WL 4818273, at *3 (E.D. La. Nov. 18, 2024) (denying a motion to dismiss but noting that "at least some of [defendant]'s arguments appear to have

merit and will be considered at greater length at the appropriate time, upon [defendant]'s filing a motion for summary judgment, when the Court will be free to consider the documents referenced in [defendant]'s motion and is not compelled to simply accept as true the factual allegations of the complaint.").

The documents attached to defendants' motions may be dispositive of the "statutory" employer issue. Consequently, pursuant to Rule 12(d), the court will treat this matter as one for summary judgment under Rule 56. Though not required to provide explicit notice to the parties when converting to a Rule 56 motion, the court permits Dillon, DOW, and Union Carbide to supply materials they deem necessary for the court's consideration of the motions. *See Hodge v. Engleman*, 90 F.4th 840, 845 (5th Cir. 2024) ("A court need not advise either party of its intention to convert the motion … The only requirement is that the non-moving party have at least ten days in which to submit its own evidence … That ten-day period begins running when the non-movant is first put on notice that, based on its acceptance of evidence outside the pleadings, the court could convert the Rule 12(b)(6) motion into a summary judgment.") (internal quotation marks and citations omitted).

## III. CONCLUSION

**IT IS ORDERED** that Defendant Union Carbide Corporation's Motion for Judgment on the Pleadings (R. Doc. 30) and Defendant The Dow Chemical

<u>Company's Motion for Judgment on the Pleadings</u> (R. Doc. 32) are converted to motions for summary judgment.

**IT IS FURTHER ORDERED** that defendants may supplement their motions in accordance with Federal Rule of Civil Procedure 56 and the Local Rules of the United States District Court for the Eastern District of Louisiana on or before **October 21, 2026**.

**IT IS FURTHER ORDERED** that plaintiff file any response memorandum, including any supporting evidence in accordance with the same rules, on or before **November 4, 2026**.

**IT IS FURTHER ORDERED** that the motions will be submitted without oral argument.

New Orleans, Louisiana, this 7th day of October 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE